NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALFONSO T.R. NICHOLAS,

                  Plaintiff,

                  v.

JOHN POWELL, et al.,

                  Defendants.

Civil Action No. 21-13539 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

## I.      BACKGROUND

Plaintiff is a convicted state prisoner incarcerated at South Woods State Prison. (ECF No. 1 at 4-5.) In his complaint, Plaintiff seeks to raise claims against various supervisory state officials arising out of his being frequently transferred between cells while the prison was on lockdown during the COVID-19 pandemic in the summer and fall of 2020. (*Id.* at 7-8.) Although Plaintiff contends that he was frequently moved around the prison, which he believes was contrary to prison lockdown policy, he does not allege any specific facts indicating that he had any pre-existing

conditions which rendered him especially at risk of serious consequences from COVID-19, nor does he plead that he was ever placed directly at jeopardy during any of these intra-prison transfers. (*Id.*)  Plaintiff does not allege that any of the Defendants were directly involved in his transfers or the issues about which he complains, but instead contends that they were either negligent or willfully indifferent to the actions of their subordinates who he believes failed to follow proper COVID-19 protocols.  (*Id.*).

II.    <u>**LEGAL STANDARD**</u>

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

2

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   <u>DISCUSSION</u>

Before reaching the merits of Plaintiff's claims, this Court first notes that several of the named Defendants – South Woods State Prison, the New Jersey Department of Corrections, the New Jersey Department of Health, and the State of New Jersey – are either a sovereign state, arms of the state, or prisons operated by arms of the state. States, their departments, and their prisons, however, are not proper Defendants in a prisoner civil rights matter. *See, e.g., Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). As each of these Defendants is not properly subject to the civil rights claims Plaintiff seeks to raise, they must be dismissed with prejudice from this matter.

Turning to Plaintiff's civil rights claims against the individual named Defendants, this Court finds that Plaintiff has failed to plead a plausible claim for relief. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a supervisor may not be

held vicariously liable for the actions of his subordinates, and a supervisory defendant will therefore only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015). Here, Plaintiff seeks to raise claims against various high-level state executive figures and prison administrators, none of whom he alleges were directly involved in the alleged violations of his rights in the form of frequent transfers. He connects these named Defendants to his claims only by stating that he believes they were neglectful or willfully ignorant of the failures of their subordinates. Such a claim – which is entirely dependent on a theory of vicarious liability through which Plaintiff seeks to hold Defendants liable for the actions of their subordinates – is improper in a federal civil rights matter. Plaintiff has therefore failed to show Defendants were personally involved in the alleged violations, and he therefore fails to state a claim for relief against the remaining named Defendants even assuming *arguendo* that his allegations of frequent transfers would otherwise suggest a constitutional violation. Plaintiff's complaint must therefore be dismissed without prejudice as to the remaining Defendants.

Finally, the Court notes that Plaintiff indicates in his complaint that he did not attempt to exhaust his claims through the filing of prison grievances. (ECF No. 1 at 7.) Pursuant to 42 U.S.C. § 1997e, before a prisoner may file a civil rights suit challenging "prison conditions," he is required to exhaust all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). Indeed, a prisoner is required to "exhaust administrative remedies even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and exceptional circumstances

4

will not excuse a plaintiff's failure to exhaust his claims. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). As Plaintiff does not plead that administrative remedies were unavailable to him, and directly pleads that he chose not to seek administrative relief, he has alleged facts indicating that he has failed to comply with the requirements of § 1997e, and he may not proceed with his claims until such time as he does comply with the statutory exhaustion requirement.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's claims against the state of New Jersey, the New Jersey Department of Corrections, the New Jersey Department of Health, and South Woods State Prison are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge